**G & J INVESTMENT CORP., Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 74–1252.

United States Court of Appeals, Sixth Circuit.

Argued June 17, 1974.

Decided Aug. 20, 1974.

---

**962**

Walter F. McQuade, Miami, Fla., for appellant; Daniel C. George, George & McQuade, Miami, Fla., on brief.

John G. Manning, Tax Div., Dept. of Justice, for appellee; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Elmer J. Kelsey, George G. Wolf, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PHILLIPS, Chief Judge.

G & J Investment Corp. (taxpayer) appeals from a decision of the United States Tax Court upholding the Commis-sioner's determination of income tax deficiencies in the amounts of $5,000 and $5,500 for the years 1967 and 1968, respectively. We affirm.

For a comprehensive statement of the facts, reference is made to the Tax Court opinion prepared by Judge Theodore Tannenwald, Jr. 42 P–H Tax Ct. Mem. 1049 (1973).

The question before us is whether taxpayer was entitled to a separate corporate surtax exemption for the years in question under § 1551 of the Internal Revenue Code of 1954, 26 U.S.C. § 1551.

Section 11 of the Internal Revenue Code allows each corporation an exemption for its first $25,000 of taxable income from the 26 per cent surtax. The first $25,000 of taxable income to a corporation is subject to only the normal tax of 22 per cent, whereas corporate income in excess of $25,000 is subject to a 48 per cent rate. Consequently, the overall tax liability of a business would be less if its income were divided among several corporations.

In order to discourage the tax-motivated use of multiple corporations by what is essentially a single business, § 1551 of the Code denies the surtax exemption to a corporation which receives property from another corporation where 1) the transferee corporation was created for the purpose of receiving the property or was not actively engaged in business at the time of the transfer, and 2) the transferor corporation and the transferee corporation are under common control. This provision applies to deny the surtax exemption unless the transferee corporation, which taxpayer was in the instant case, establishes by the clear preponderance of the evidence that the securing of the surtax exemption was not "a major purpose" of the transfer.

In the present case, taxpayer was incorporated in 1961 by Gerald D. Keller, his wife and his nephew. In 1962 Dade County Restorium, Inc. (Restorium), of which Mr. Keller was then the sole owner, transferred certain property, primar-

ily a nursing home, to taxpayer in exchange for a $165,000 non-interest bearing demand note. Contemporaneously, taxpayer leased back to Restorium the acquired property for a monthly rental. This leaseback arrangement continued from 1962 to 1971.

On appeal, taxpayer contends that the Tax Court erred in determining that taxpayer did not establish by a "clear preponderance of the evidence" that the securing of a corporate surtax exemption was not "a major purpose" of taxpayer's formation and the transfer by Restorium of property to taxpayer. Taxpayer asserts that the purposes of its formation were to limit liability, aid in securing insurance and assist in obtaining financing.

Upon full consideration of the record, the briefs and oral arguments, the court is of the view that the contentions of taxpayer are without merit and that the Tax Court's findings are not clearly erroneous. Rule 52(a), Fed.R.Civ.P. Although there may be some evidence in the record which supports taxpayer's asserted reasons for its creation, taxpayer has not carried its burden of demonstrating by a "clear preponderance of the evidence" that the securing of the surtax exemption was not "a major purpose" of the transfer of the nursing home in question. Beacon Auto Radiator Repair Co. v. Commissioner, 52 T.C. 155, 160–61 (1969); Note, Multiple Incorporation to Obtain Additional Accumulated Earnings Credits and Surtax Exemptions, 44 Minn.L.Rev. 485, 503 (1960).

In rejecting taxpayer's contentions, we hold that the evidence supports the Commissioner for the reasons stated by the Tax Court. 42 P–H Tax Ct. Mem. at 1052. Further, there is evidence in the record that the separate incorporation of taxpayer and leaseback of the real estate used by Restorium in its nursing home business conformed to a pattern employed by Mr. Keller since 1957 in eleven nursing homes which he controlled. Mr. Keller testified that for

each of the eleven nursing homes there was a real estate and equipment holding company which leased a nursing home and its facilities to a separate operating company. This is additional evidence from which to infer intent on the part of Mr. Keller to evade the payment of federal income taxes by the creation of the taxpayer corporation.

Affirmed.